NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY



*FIRM and AFFILIATE OFFICES*

DAVID T. MCTAGGART
DIRECT DIAL: +1 212 471 1814
PERSONAL FAX: +1 212 202 4931
*E-MAIL:* dtmctaggart@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

**MEMO ENDORSED**

January 23, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/23/2020

VIA ECF

The Honorable Valerie Caproni
United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      Re: *Great Divide Insurance Co. v. Polcom USA, LLC.*,
          No. 19-cv-11434-VEC

Dear Judge Caproni:

    My firm represents Great Divide Insurance Company ("Plaintiff") in the above-referenced action. On behalf of all counsel, and consistent with Item Nos. 1 and 2 of the Court's December 16, 2019 Notice of Initial Pretrial Conference and Rule 2.C of Your Honor's Individual Practices in Civil Cases, we submit this joint letter to address three matters: (a) to provide the Court with a brief description of the case; (b) to respectfully request that the Court adjourn the Initial Pretrial Conference scheduled for January 31, 2020 ("IPTC"); and (c) to respectfully request that the Court likewise adjourn the deadline for submission of a proposed Civil Case Management Plan and Scheduling Order ("proposed Plan").

    First, we provide a case overview, including the potential for resolution, which will explain why the parties jointly request an adjournment of the IPTC and the proposed Plan.

    <u>Factual and legal basis for the claims and defenses</u>. This is an insurance coverage dispute arising out of a Contractors Pollution and Professional Liability Policy ("Policy") that Plaintiff issued to Defendant Polcom USA, LLC ("Defendant"). Plaintiff asserts numerous reasons to deny coverage under the Policy for a tendered claims arising out of water and mold damage to "pods" that Defendant manufactures for construction in hotels. Principally, Plaintiff seeks a declaration that it has no duty to indemnify Defendant because Defendant violated the Voluntary

DUANE MORRIS LLP

1540 BROADWAY   NEW YORK, NY 10036-4086        PHONE: +1 212 692 1000   FAX: +1 212 692 1020
DM1\10324141.2



Payments condition in the Policy by undertaking certain remediation efforts without Plaintiff's consent. Plaintiff asserts several other bases to deny and/or limit coverage as articulated in Paragraph 30 of its Complaint, including that the Policy is excess to other coverage afforded to Defendant. By consent, Defendant need not serve an Answer until February 7, 2020 and it is still exploring possible defenses to Plaintiff's Complaint. For reasons discussed below, however, Defendant believes that other insurance is available to it that could obviate the need for litigation on the Policy.

Any contemplated motions. If the parties are unable to resolve the case as discussed further below, Plaintiff anticipates moving for prompt summary judgment on its claims. Defendant is still exploring possible defenses while the parties explore a potential resolution. If the parties are unable to do so, Defendant will update the Court in advance of any adjourned IPTC.

Basis for subject matter jurisdiction. The basis for jurisdiction is diversity, 28 U.S.C. § 1332. The amount in controversy exceeds $75,000. Per Rule 3.A.ii of Your Honor's Individual Practices in Civil Cases, Plaintiff states that it is a North Dakota corporation with a principal place of business in Iowa, and Defendant states that it is a Delaware LLC with a principal place of business in New York and whose owner is a Luxembourg LLC.

Prospect for settlement. As mentioned, Plaintiff asserts that its Policy sits in excess over other insurance available to Defendant. Defendant has advised Plaintiff that repair work on the subject pods is expected to be completed by the end of February 2020, and that an insurance policy issued by another insurance company has provided some payment for the pod damage claim. Defendant has further advised that the coverage afforded under one or more policies could render the Policy here an excess policy such that Defendant might not need to rely on any coverage afforded under the Policy. In the interest of conserving both the parties' and the Court's resources, the Parties have agreed to exchange and review information concerning Defendant's other insurance policies with a view toward possibly resolving this case. The parties recognize the information provided in this letter is based on information known to their counsel at this time and is made without prejudice to either party.

Adjournment Requests. Because of the possible existence of other insurance and the expected completion of the repair work by the end of February 2020, the Parties agree there is a possibility that they may be able reach a resolution leading to the dismissal of this lawsuit, either with or without prejudice, or perhaps a stay of the lawsuit pending payments to Polcom from other policies. They agree to work diligently to explore this possibility. In the meantime, the Parties believe it would be wasteful of their respective resources and the Court's time to prepare a proposed Plan or to hold the IPTC on January 31, 2020 as currently scheduled.

The parties therefore respectfully request that the Court adjourn the IPTC until after mid-March 2020 – counsel are available March 20, March 27, and April 3 – with the proposed Plan

due one week in advance of the adjourned IPTC. The parties further propose to provide the Court with an update no later than March 1, 2020. Assuming the Court agrees with the parties' proposal in this letter, they agree Defendant will not need to file an Answer to the Complaint until a mutually agreed date after March 1, 2020. If the parties are able to resolve this case before then, they will submit appropriate paperwork advising the Court that they resolved the matter. This is the first such request for an adjournment.

Respectfully submitted,

/s David T. McTaggart

David T. McTaggart

DTM: hs

cc: Andrew M. Burns, Esq.
    (via ECF)

Application GRANTED. The IPTC scheduled for January 31, 2020, is adjourned to **March 20, 2020, at 10:00 a.m.** The parties' proposed Case Management Plan is due no later than **March 12, 2020**, along with a joint letter updating the Court on intervening developments. Defendant's time to answer or otherwise respond to the Complaint is extended to **March 12, 2020**.

SO ORDERED.

*Valerie Caproni*
1/23/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE