| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE |  | BALTIMORE |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | DAVID T. MCTAGGART | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 471 1814 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 202 4931 | LAS VEGAS |
| LOS ANGELES | E-MAIL: dtmctaggart@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

**MEMO ENDORSED**

March 12, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/12/2020
```

VIA ECF

The Honorable Valerie Caproni
United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      Re:    *Great Divide Insurance Co. v. Polcom USA, LLC.*,
            No. 19-cv-11434-VEC

Dear Judge Caproni:

      My firm represents Great Divide Insurance Company ("Plaintiff") in the above-referenced action. On behalf of all counsel, and pursuant to Rule 2.C of Your Honor's Individual Practices in Civil Cases, we submit this joint letter to respectfully request that the Court adjourn for two months the following deadlines ("Deadlines") currently set forth in the Court's January 23, 2020 Order (D.E. 12): (a) Defendant Polcom USA, LLC's ("Defendant") deadline to answer or otherwise respond to the Complaint, currently due today; (b) the parties' Proposed Case Management Plan ("proposed Plan"), also currently due today; and (c) the Initial Pretrial Conference scheduled for March 20, 2020 ("IPTC").

      This joint letter is the parties' second request for an extension of the Deadlines. As explained in the parties' first request – a joint letter submitted on January 23, 2020 (D.E. 11) – Plaintiff's Complaint asserts numerous reasons to deny coverage on a claim Defendant submitted under a under a Contractors Pollution and Professional Liability Policy ("Policy"), including that the Policy is excess to other coverage afforded to Defendant. In that letter, the parties informed the Court that (a) Defendant hoped to complete certain repair work relating to the underlying claim in February 2020; and (b) other insurance policies available to Defendant could render the Policy excess such that Defendant might not need to rely on any coverage afforded under the Policy. The parties therefore requested – and the Court granted – an extension of the Deadlines

to permit the Parties to explore a resolution of this case based on the availability of other insurance coverage.

Consistent with the January 23 letter, the parties have communicated with the view toward resolving this case. Since then, Defendant has: (a) informed Plaintiff that it has substantially competed the repair work relating to the underlying claim; (b) provided Plaintiff with certain documentation concerning the other insurance policies; and (c) updated Plaintiff on developments concerning the status of insurance claim payments on those other insurance policies. With respect to the latter subject, the parties believe they need more time before making a final assessment about resolving this case.

In particular, Defendant has advised Plaintiff that communications are ongoing between interested parties – including the carriers on the other insurance policies – concerning possible allocations of claim payments on those policies. Based on the information Defendant has provided Plaintiff, the parties agree that the culmination of those ongoing communications has a good chance of mooting the issues in this case (or, at a minimum, it will focus the issues for this case). While Defendant cannot predict when these third-party communications will resolve the payment issues on the other insurance policies, Defendant is optimistic that there will be more clarity in the next two months, if not sooner. With the Court's indulgence, the parties agree to continue to communicate and work diligently to explore a resolution of this case.

In the meantime, the Parties continue to believe it would be wasteful of their respective resources and the Court's time and resources to prepare responsive pleadings and a proposed Plan or to hold the IPTC on March 20, 2020 as currently scheduled. The parties therefore respectfully request that the Court adjourn the IPTC until after mid-May 2020 – counsel are available May 22, May 29, and June 12 – with any responsive pleading and the proposed Plan due one week in advance of the adjourned IPTC. The parties further propose to provide the Court with an update no later than May 15, 2020. If the parties are able to resolve this case before then, they will submit appropriate paperwork advising the Court accordingly.

Respectfully submitted,

/s David T. McTaggart

David T. McTaggart

DTM: hs

cc: Andrew M. Burns, Esq.
(via ECF)

Application GRANTED. The IPTC is adjourned to **May 29, 2020, at 10:00 a.m.** The parties' preconference submissions are due **May 21, 2020**. Defendant's time to answer or otherwise respond to the complaint is extended to **May 21, 2020**.

SO ORDERED.

3/12/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE